UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KING & SWEENEY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4610** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's motion for summary judgment is **GRANTED**.  (Document #17.)

### I. BACKGROUND

King & Sweeney, Inc.'S (King & Sweeney) property at 2618 Edenborn Avenue in Metairie, Louisiana, was damaged during Hurricane Katrina.  Allstate Insurance Company (Allstate) issued a "write your own" Standard Flood Insurance Policy (SFIP), pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.,* with building coverage limits of $500,000 and no contents coverage.  King & Sweeney filed a claim, and Allstate assigned an adjuster.  Allstate determined that the value of the claim is $185,304.11, and King & Sweeney disagreed.

King & Sweeney filed a complaint, alleging that Allstate breached the terms of the policy by failing to compensate King & Sweeney for the damage to the property. Allstate filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Proof of loss

Allstate contends that King & Sweeney is divested of the right to sue because it did not file a proof of loss within the extended deadline authorized by the Federal Emergency Management Agency (FEMA). Allstate argues that the authorized extension dispenses with the requirement to file a proof of loss only when the insured agrees with the amount that the insurer determines is payable. Allstate contends that, because King & Sweeney does not agree with the amount, it is required to file a timely proof of loss and obtain a determination from the insurer prior to filing suit.

As a preliminary matter, King & Sweeney contends that the court should defer ruling on Allstate's motion for summary judgment because it has requested a waiver of the proof of loss requirement. In a supplemental letter, King & Sweeney advises that FEMA has denied the request for a waiver; however, King & Sweeney has requested that Senator David Vitter; Congressman Bobby Jindal; and Donald Powell, the Federal Gulf Coast Recovery Coordinator, assist in obtaining relief through the legislative and executive branches of government.

"The Standard Flood Insurance Policy and required endorsements must be used in the Flood Insurance Program, and no provision of the said documents shall be altered, varied, or waived . . . .  44 C.F.R. § 61.13(d). A SFIP "cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. Pt. 61, App. A(1), VII(D).

Under current federal regulations, only the Federal Insurance Administrator can waive the provisions of the SFIP concerning the filing of a proof of loss and a subsequent lawsuit. In the letter dated September 13, 2007, the Director of Claims, Mitigation Division of FEMA, informed King & Sweeney as follows:

> FEMA is unable to assist you and your company in any manner because these matters are presently being adjudicated under the aforementioned judicial system. Once the Insured has filed suit, FEMA is unable to intervene.

The letter indicates that the Federal Insurance Administrator cannot intervene in this matter, and the request for a waiver cannot be considered. Accordingly, King & Sweeney has not presented a basis to defer a ruling on the motion for summary judgment.

Generally, SFIP policies require an insured asserting a claim to file a proof of loss within

3

60 days, stating the amount claimed under the policy.  SFIP, ¶ VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds.  Defendant's exh. A.  Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report.  Id. If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id.  Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005).  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."  Id. at 388.  Provisions of the SFIP must be strictly construed and enforced.  See  Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998).

King & Sweeney incurred a loss on August 29, 2005.  Because King & Sweeney disagreed with Allstate's determination of the amount payable under the claim, the proof of loss was due one year from the date of loss, pursuant to the "Waiver of the Proof of Loss Requirement" issued by FEMA on August 31, 2005.  King & Sweeney did not file the proof of loss within one year of the loss; therefore, it has not received a written denial and may not file a

lawsuit against Allstate.

Accordingly, there are no disputed issues of material fact, and Allstate is entitled to judgment as a matter of law.

New Orleans, Louisiana, this  24th  day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**